## Mize, &c. *vs* Noland, Atto. &c.

ERROR TO THE ESTILL COUNTY COURT.

*Motion.    Abatement.    Sheriff.*

JUDGE MARSHALL delivered the Opinion of the Court.

IT seems to this Court that the evidence offered to establish the delinquency of the sheriff in paying over money in his hands, belonging to the county, was insufficient to authorize a judgment against his sureties in this motion.

The act of 1793, (*Stat. Law*, 503,) authorizes the County Court to appoint two of their own body to settle with the sheriff or collector, after notifying him of the time and place of the intended settlement; and provides that if on such settlement, a balance should be found against him, which he fails to pay, a judgment may be rendered against him or his securities. The settlement relied on in this case, was not made by two justices, but by two persons, one of whom at least, was not a member of the County Court, and deriving no weight or authority from the statute, it was insufficient of itself, to establish the facts which it states; and there being no other evidence of a balance due from the sheriff, the judgment against the securities cannot be sustained.

*The statute of 1793, (Stat. Law 503,) requires that the persons who are appointed by the County Court to settle with a sheriff, should be members of the County Court, and any settlement made by others, is not, of itself, evidence against the sheriff.*

With regard to the objection that one of the sureties was not included in the motion, and was not mentioned or noticed in any part of the proceeding, this was clearly matter in abatement only; and though it may not have been necessary to plead it in the County Court, it was necessary to rely upon it there in some form, and at least to prove the fact that the omitted party was living when the motion was instituted, in order to make the objection available here.

*Matters properly of abatement to a proceeding by motion, must be made in the court below, and the facts necessary to show such matter available, made out by proof, or it cannot be effectually relied on in this Court.*

With regard to the form of the judgment; if the motion had been entered on the record as it should have been, in the name of the justices of the County Court, &c. by their attorney, instead of being entered in the name of the attorney, the judgment for the plaintiff or

plaintiffs, would have been, in point of form, unobjectionable.

For the want of sufficient evidence of the balance due from and unpaid by the sheriff, the judgment is reversed and the cause remanded.

*Apperson* for plaintiffs; *Owsley & Goodloe* for def'ts.